IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


KENNETH MYRICK POWERS,    :
    :
    Petitioner    :
    :
    v.    :    CIVIL NO. 4:CV-15-370
    :
C. MAIRORANA, WARDEN, ET AL., :   (Judge Brann)
    :
    Respondents    :


**MEMORANDUM**

April 2, 2015

**Background**

    Kenneth Myrick Powers, an inmate presently confined at the Canaan

United States Penitentiary, Waymart, Pennsylvania (USP-Canaan) filed this pro se

habeas corpus petition pursuant to 28 U.S.C. § 2241.  Named as Respondents are

Warden Mairorana of USP-Canaan and Attorney General Eric Holder.[1]  Petitioner

has also filed an in forma pauperis application which will be granted for the sole

purpose of the filing of this action with this Court.

    Powers' pending action  asserts that he is challenging the legality of his

---

[1] The only properly named Respondent in a federal habeas corpus action is
Petitioner's custodial official.  See  28 U.S.C. § 2242.  Accordingly, Warden
Mairorana will be deemed the sole Respondent.

Armed Career Criminal Act (ACCA) sentence enhancement.  <u>See</u>  Doc. 1, ¶ 10(a).

Petitioner claims that his prior burglaries no longer constitute predicate offenses

for purposes of the ACCA because of the United States Supreme Court's decision

in <u>Descamps v. United States</u>, 570 U.S.___ , 133 S.Ct. 2276  (2013).[2]

Petitioner states that he is presently serving a criminal sentence which was

imposed on August 22, 2008 by the United States District Court for the District of

South Carolina.  Powers explains that he entered a guilty plea to a charge of being

a felon in possession of a firearm.  <u>See</u> Doc. 2, p. 2.   Despite his objections to the

imposition of an ACCA enhancement, he was sentenced to a mandatory minimum

sentence of 180 months.

Powers notes that although he did not pursue a direct appeal, he did

previously file a petition pursuant to 28 U.S.C. § 2255 which raised claims of

ineffective assistance of counsel and prosecutorial misconduct.  He indicates that

his § 2255 action was withdrawn and dismissed with prejudice on March 10,

2010.  <u>See</u> <u>id</u>. at ¶ 12.

A supporting memorandum accompanying the Petition elaborates that

---

[2] Offenses for a violent felony or a serious drug offense may used as predicate offenses for the ACCC.  <u>See</u> 18 U.S.C. § 924(e)(1).  <u>Descamps</u> concerned the question of whether the use of a burglary conviction as a violent felony offense was appropriate.

subsequent to Powers' initial § 2255 proceeding the substantive law changed as a result of Descamps.   Thereafter, Petitioner filed two unsuccessful successive § 2255 petitions raising his pending Descamps argument.   Powers concludes that since those attempts were denied, he cannot satisfy the gatekeeping provisions of § 2255.  Id. at (b).  His Petition further maintains that the facts supporting his sentence enhancement were not submitted to a jury and not found beyond a reasonable doubt as required under Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L. Ed. 2d. 314 (2013).[3]  As relief, Petitioner seeks his immediate release.

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59

---

[3]    Alleyne held that any fact that increases the mandatory minimum sentence is an element which must be presented to the jury and proven beyond a reasonable doubt.  However,  the Third Circuit Court of Appeals has held that Alleyne cannot be retroactively applied to cases on collateral appeal.  See United States v. Winkelman, 746 F. 3d 134, 136 (3d Cir.   March 26, 2014).

(M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claim of an improperly enhanced sentence via a § 2241 petition. It would appear that it is Powers' contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Canaan.

When challenging the validity of a federal sentence and not its execution,[4] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell

---

[4]   A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in

the sentencing court is the presumptive means for a federal prisoner to challenge

the validity of a conviction or sentence").  A challenge can only be brought under

§ 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or

ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This

language in § 2255, known as the safety-valve clause, must be strictly construed.

Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is

extremely narrow and has been held to apply in unusual situations, such as those

in which a prisoner has had no prior opportunity to challenge his conviction for a

crime later deemed to be non-criminal by an intervening change in the law").

   "It is the inefficacy of the remedy, not the personal inability to use it, that is

determinative."  Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).

"Section 2255 is not inadequate or ineffective merely because the sentencing court

does not grant relief, the one-year statute of limitations has expired, or the

petitioner is unable to meet the stringent gatekeeping requirements of the amended

§ 2255."  Id. at 539.  See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151

(3d Cir. 2009).

   Petitioner's instant claim is not based upon a contention that the conduct

which led to his conviction is no longer criminal as a result of some change in the

law.  Rather, his action only challenges his ACCA sentence enhancement.  As

recognized by the Honorable Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008

WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal

conviction to be presented by a federal inmate by way of a § 2241 petition, there

must not only be "a claim of actual innocence but a claim of actual innocence

coupled with the inability to have brought the claim before because of a change in

the construction of the criminal statute by a court having the last word on the

proper construction of the statute, which change rendered what had been thought

to be criminal within the ambit of the statute, no longer criminal."

It has also  been recognized that Descamps does not apply retroactively to

cases on collateral review.  See  United States v. Nobles, 2015 WL 1208050 * 1

(E.D. Pa. March 17, 2015); United States v. Wolf, Civil No. 1:CV-04-347, 2014

WL 3339601 *2  (M.D. Pa. 2014)(Caldwell, J.).

Clearly, Powers' pending claim does not fall within the narrow Dorsainvil

exception to the general rule that section 2255 provides the exclusive avenue by

which a federal prisoner may mount a collateral challenge to his conviction or

sentence.  See Levan v. Sneizek, 325 Fed. Appx. 55, 57  (3d Cir. April 2009);

Jordan v. United States, Civil No. 3:CV-14-2048, 2014 WL 7212859 *1-2 (M.D.

Pa. Dec. 17, 2014) (Munley, J) (since Descamps cannot be retroactively applied ,

the Dorsainvil exception does not apply)

Since there is no basis for a determination that § 2255 is  inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction.  Of course, this dismissal has no effect on Petitioner's right to  seek authorization from the appropriate United States Court of Appeals to file a second or successive § 2255 petition.


BY THE COURT:


  s/ Mathew W. Brann
Matthew W. Brann
United States District Judge